# Joseph & Norinsberg, LLC

225 Broadway Suite 2700
New York, NY 11021
Telephone (212) 791-5396
Fax (212) 406-6890
_____

www.employeejustice.com

November 4, 2015

VIA ECF
The Honorable Sandra L. Townes, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re:     Patterson v. Premier Construction Co. Inc.,
                  No. 15-cv-00662 (SLT) (PK).

Dear Judge Townes:

      This firm represents Plaintiff Sean Patterson ("Plaintiff") in the above-referenced FLSA matter against Defendants Premier Construction Co. Inc. and Saeed M. Anjum ("Defendants"). We write now to respectfully request that the Court schedule a conference to discuss Plaintiff's anticipated motion for conditional certification of a collective action under 29 U.S.C. § 216(b).

    I.    **Factual Allegations.**

      Plaintiff brought this action against Defendants for unpaid overtime wages and related claims, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and New York Labor Law ("NYLL").

      Defendant Premier Construction Co. Inc. hires laborers to aid construction workers by doing demolition, removing debris, and carrying materials from one work site to another. These laborers "officially" work five days a week, forty hours per week, but are often asked to work an eight-hour shift on Saturdays. It is the Defendants' policy, in violation of the United States Tax Code, to compensate laborers for their Saturday hours with cash payments that remain off-the-books and unrecorded. Further, in violation of FLSA, laborers are paid for their Saturday hours at the regular pay rate, rather than at the required time-and-a-half pay rate.

      Plaintiff worked for Defendants for one year and worked almost every Saturday of that year. He was compensated for his Saturday hours with cash, and did not receive the time-and-a-half pay rate as required by law. Plaintiff knows of at least fifteen other laborers at his work site who worked alongside him on Saturday. Like Plaintiff, these employees were not paid any additional pay for their overtime hours on Saturday. Plaintiff believes that the construction workers and laborers at all of Defendants' work sites were similarly paid in cash for their Saturday hours and similarly denied their overtime wages in violation of FLSA.

**II.   Conditional Certification of a Collective Action is Appropriate.**

The FLSA expressly permits employees to jointly bring an action against an employer who violates the statute's overtime compensation requirements. See 29 U.S.C. §216 (b). The FLSA further prescribes a private right of action to collect unpaid overtime wages and authorizes a "collective" action procedure, as distinguished from the class action procedure under Federal Rule of Civil Procedure 23. Id. Under the FLSA's collective action procedure, "similarly situated" employees are entitled to join in the named plaintiff's wage claims by "opting-in" to the action and signing and filing with the court a consent-to- join form. Id. Although the opt-in procedure is mandatory for FLSA wage claims, a motion for class "certification" is unnecessary in order to certify a collective action. See Monger v. Cactus Salon & SPA 'sLLC, 08-CV-1817FBWDW, 2009 W 1916386, at *1 (E.D.N.Y. July 6,2009); Ansoumana v. Gristede's Operating Corp. 201 F.R.D. 81, 84, n. 1 (S.D.N.Y. 2001). A district court may permit the named plaintiff to notify other similarly situated employees of a pending litigation through service of a notice of pendency. Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) quoting Hoffman La Roche Inc.v. Sperling, 493 U.S. 65, 169, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989); see also Robles v. Liberty Rest. Supply, Corp., No. 12-CV-5021 FB VMS, 2013 WL 6684954, at *4 (E.D.N.Y. Dec. 18, 2013) ("If the court determines that the named plaintiffs and potential opt-in plaintiffs are similarly situated, then the court may order that notice be sent to the potential opt-in plaintiffs and the court may also require production of their contact information, so that the notices can be properly addressed.").

In deciding whether to conditionally certify a collective action, the court must determine whether the plaintiff and other putative plaintiffs are "similarly situated." Jacob v. Duane Reade, Inc., 11-CV-0160 JPO, 2012 WL 260230, at *3 (S.D.N.Y. January 27, 2012). **This burden is not a stringent one; it is significantly less exacting than that which is necessary to sustain a Rule 23 action**. See Poplawski v. Metroplex on the Atl, LLC, 11-CV-3765, 2012 WL 1107711, at *3 (E.D.N.Y. April 2, 2012)(Weinstein, J.)(standard to circulate the notice of pendency is "considerably less stringent than the requirements for class certification under Rule 23.").

Although neither the FLSA nor its implementing regulations define the term "similarly situated," a plaintiff may meet his burden by "making a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or a plan that violated the law." See Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009); Monger, supra at *1. Under this minimal burden, a plaintiff need not show an actual violation of the law. Rather, the inquiry centers on whether the proposed plaintiffs are similarly situated with respect to the allegations that the FLSA has been violated. Young v. Cooper, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). At this early stage, the named plaintiff need only demonstrate the existence of an "'actual nexus between [his] situation and the situation of the other current and former [employees]." Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997). A plaintiff need not show that he is "identically situated to potential class members," and he need only provide evidence that a "demonstrated similarity exists among individual situations." Mazur v. Olek Lejbzon & Co., 05 CIV. 2194(RMB)(DF), 2005 WL 3240472, at *3 (S.D.N.Y. November 30, 2005); see also Enriquez v. Cherry Hill Mkt Corp., 10-CV-5616 FB ALC, 2012 WL 440691 (E.D.N.Y. February 10, 2012) (holding that a plaintiff

may satisfy the requirement of "similarly situated," at this stage through his own declaration and the "averments of conversations with co-workers who complained about not receiving overtime."

Given Defendants' unlawful pay policies, conditional certification is appropriate in this case. Defendants' policy to pay employees the standard rate for their Saturday eight-hour-shift, even though these hours were overtime, violated the FLSA. "There is a rebuttable presumption that an employer's payment of a weekly salary represents compensation for the first 40 hours of an employee's work-week; the burden is on the employer to rebut this presumption with evidence that the employer and employee had an agreement that the employee's weekly compensation would cover a different number of hours." Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372, 385 (E.D.N.Y. 2012). The employer must show that he and the "employee contracted for the weekly salary to include the overtime period." Giles v. City of New York, 41 F. Supp. 2d 308, 317 (S.D.N.Y. 1999). Plaintiff's allegations that he and the other employees were paid a set salary no matter how many hours they worked are sufficient to warrant conditional certification of a collective action. Guzelgurgenli v. Prime Time Specials Inc., 883 F. Supp. 2d 340, 349 (E.D.N.Y. 2012)(conditionally certifying a collective action of employees who were paid a set salary); Rosario v. Valentine Ave. Disc. Store, Co., 828 F. Supp. 2d 508 (E.D.N.Y. 2011)(same). As such, the Court should conditionally certify a collective action.

Based on the foregoing, Plaintiff's counsel respectfully request permission from the Court to file a motion seeking the following relief, pursuant to 29 U.S.C. § 216(b):

1. Approving the text of Plaintiff's Notice of Lawsuit and Consent to Join;
2. Permitting Plaintiff to circulate a Notice of Lawsuit and Consent to Join to similarly situated employees;
3. Requiring Defendants to provide Plaintiff's counsel with a complete list in electronic form of names, mail addresses, email addresses, and telephone numbers of their current and former employees, performing similar duties from February 10, 2012, three (3) years before the filing of the complaint, until the date this motion is decided;
4. Permitting all similarly situated individuals 60 days to opt into this case;
5. tolling the statute of limitations for all similarly situated individuals from the date of the motion to certify until the date the Court issues an order on the motion;
6. Requiring the Defendants to post a copy of the Notice of Lawsuit at their locations; and
7. Permitting Plaintiff to translate the Notice of Lawsuit and Consent to Join in Spanish.

Accordingly, Plaintiff respectfully requests that the Court schedule a pre-motion conference regarding Plaintiff's anticipated motion for conditional certification of a collective action. Additionally, in light of the fact that fact discovery is currently scheduled to conclude on November 20, 2015, the parties jointly request that this Court stay discovery until the resolution of the within motion, or in the alternative, extend the deadline for 120 days so that the anticipated motion can be heard and decided by the Court.[1]

---

[1] The parties anticipate that, should the Court grant conditional certification, it is likely that this matter could be resolved once the number of collective action members is known.

THE HONORABLE SANDRA L. TOWNES
NOVEMBER 4, 2015
PG. 4

    We thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            Jon L. Norinsberg