UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SEAN PATTERSON, on behalf of himself and all
others similarly situated,                                             No. 15-cv-00662 (SLT)(PK)

                          Plaintiff,

        -against-

PREMIER CONSTRUCTION CO. INC., et al.

                         Defendants.
-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR
<u>CERTIFICATION OF A COLLECTIVE ACTION</u>**

                                                JOSEPH & NORINSBERG, LLC
                                               Jon L. Norinsberg, Esq.
                                               Chaya Gourarie, Esq.
                                               225 Broadway Suite 2700
                                               New York, N.Y. 10007
                                               Tel:  (212) 791-5396/7

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT..................................................................................................1

STATEMENT OF FACTS.........................................................................................................1

ARGUMENT...............................................................................................................................3

I.   THE COURT SHOULD CONDITIONALLY CERTIFY A COLLECTIVE ACTION...........3

   A.   Relevant Legal Principles under the FLSA................................................................3

   B.   The Applicable Burdens During the Two-Step Process of Certifying a Collective Action..........................................................................................................................4

   C.   Definition of "Similarly Situated."..............................................................................5

   D.   Plaintiff Here Has Satisfied His Minimal Burden of Showing that He is "Similarly Situated" to Laborers, Construction Workers, and Non-Managerial Workers Employed by Defendants.............................................................................................6

II.  THE COURT SHOULD APPROVE THE PROPOSED NOTICE OF LAWSUIT AND ALLOW PLAINTIFF TO MAIL IT TO ALL PUTATIVE PLAINTIFFS AFTER DIRECTING DEFENDANTS TO IDENTIFY AND PRODUCE CONTACT INFORMATION FOR SUCH PUTATIVE PLAINTIFFS..................................................................................................................7

   A.  The Court Has Authority to Authorize the Circulation of the Proposed Notice to Potential Plaintiffs.......................................................................................................7

   B.  Opt-ins Should be Allowed 60 days to Join this Action..............................................8

   C.  The Court Should Order that Notice Be Translated Into Spanish................................8

   D.  The Court Should Order Defendants To Disclose (in Paper and Electronic Format) the Names, Last-Known Mailing Addresses, Phone Numbers, and E-mail Addresses of Prospective Plaintiffs Who Were Employees During the Three Year Statute of Limitations Period.......................................................................................................9

   E.  The Court Should Require Defendants to Post a Copy of the Notice of Lawsuit at Their Construction Worksites in the Five Boroughs of New York............................10

III. THE COURT SHOULD EQUITABLY TOLL THE STATUTE OF LIMITATIONS FOR PUTATIVE OPT-IN PLAINTIFFS FROM THE DATE OF THIS MOTION UNTIL THE COURT ISSUES A DECISION...............................................................................................10

CONCLUSION...........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Cases**

Ack v. Manhattan Beer Distributors, Inc.,
   No. 11-CV-5582 CBA, 2012 WL 1710985 (E.D.N.Y. May 15, 2012) ...................................... 9

Amador v. Morgan Stanley & Co. LLC,
   No. 11-CV_4326, 2013 WL 494020 at *6 (S.D.N.Y. Feb. 7, 2013) ......................................... 6

Chime v. Peak Sec. Plus, Inc.,
   No. 13-CV-470 WFK VVP, 2015 WL 5773951, at *15 (E.D.N.Y. Sept. 29, 2015) ............... 6

Colon v. Major Perry St. Corp.,
   No. 12-CV-3788 JPO, 2013 WL 3328223, at *1 (S.D.N.Y. July 2, 2013) .............................. 10

Dumitrescu v. Mr. Chow Enterprises, Ltd.,
   No. 07-CV-3601(PKL), 2008 WL 2600667, at *7 (S.D.N.Y. June 30, 2008) .......................... 9

Enriquez v. Cherry Hill Mkt. Corp.,
   No. 10-CV-5616 FB ALC, 2012 WL 440691, at *1 (E.D.N.Y. Feb. 10, 2012) .......... 5, 6, 8, 10

Gani v. Guardian Serv. Indus.,
   2011 U.S. Dist. LEXIS 4353, at *2-3 (S.D.N.Y. June 3, 2010) ................................................ 7

Gjurovich v. Emmanuel's Marketplace, Inc.,
   282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003) ........................................................................... 7, 8

Hanchard-James v. Brookdale Family Care Centers,
   No. 12-CV-1922 BMC, 2012 WL 3288810, at *2 (E.D.N.Y. Aug. 9, 2012) ........................ 5, 9

Hoffman La Roche Inc. v. Sperling,
   493 U.S. 65, 169 (1989) .......................................................................................................... 4, 9

Iriarte v. Redwood Deli & Catering, Inc.,
   No. 07-CV-5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) .................................... 7

Lynch v. United Services Auto. Ass'n
   491 F. Supp. 2d 357, 372 (S.D.N.Y. 2007) ............................................................................... 8

Mazur v. Olek Lejbzon & Co.,
   2005 U.S. Dist. LEXIS 30321, at *16-7 (S.D.N.Y. November 30, 2005). .............................. 6

McGlone v. Contract Callers, Inc.,
   867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) ............................................................................. 10

Myers v. Hertz Corp.,
   624 F.3d 537, 554 (2d Cir. 2010) .................................................................................... 4, 6, 7

Poplawski v. Metroplex on the Atl., LLC,
   No. 11-CV-3765, 2012 WL 1107711, at *3 (E.D.N.Y. April 2, 2012) .................................... 5

Robles v. Liberty Rest. Supply, Corp.,
  No. 12-CV-5021 FB VMS, 2013 WL 6684954, at *4 (E.D.N.Y. Dec. 18, 2013)............................4, 8, 9

Sobczak v. AWL Indus., Inc.,
  540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) ........................................................................................5

Velasquez v. Digital Page, Inc.,
  No. 11-CV-3892 LDW AKT, 2014 WL 2048425, at *8 (E.D.N.Y. May 19, 2014) ..................................5

Yahraes v. Rest. Associates Events Corp.,
  No. 10-CV-935 SLT, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) ..............................................10

Young v. Cooper,
  229 F.R.D. 50, 54 (S.D.N.Y. 2005). ..................................................................................................6

**Statutes**

29 U.S.C. § 201 et seq.................................................................................................................................1

29 U.S.C. § 202 (a) ....................................................................................................................................4

29 U.S.C. § 216 (b) ..........................................................................................................................4, 7, 8,11

29 U.S.C. § 218 (a) ....................................................................................................................................4

## **PRELIMINARY STATEMENT**

Plaintiff Sean Patterson ("Plaintiff" or "Mr. Patterson") respectfully requests that the Court conditionally certify a collective action and permit the circulation of a notice of lawsuit to all of the current and former laborers, construction workers, and other non-managerial employees performing similar duties under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.)("FLSA"), of Defendant Premier Construction Co. Inc. and Defendant Saeed M. Anjum (collectively, "Defendants"), who were denied their overtime wages. At this early stage of the litigation, Plaintiff merely must make a showing that he and Defendants' other former laborers, construction workers, and non-managerial employees are similarly situated, which means that they were subject to a common plan or scheme by Defendants that violated the FLSA.

A Declaration submitted by Plaintiff shows that it was the Defendants' policy, in violation of FLSA, to pay their employees for their Saturday employment hours at the regular pay rate, rather than at the required time-and-a-half pay rate, even though the Saturday hours were in excess of the forty-hour work week. Further, in violation of the United States Tax Code, it was the Defendants' policy to compensate employees for their Saturday hours with cash payments that remained off-the-books and unrecorded.

Accordingly, Plaintiff now moves this Court to conditionally certify a collective action of all similarly situated employees who were denied overtime wages for their Saturday hours in violation of FLSA.

## **STATEMENTS OF FACTS**

Plaintiff brought this action against Defendants for unpaid overtime wages and related claims, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and New York Labor Law ("NYLL").

1

Defendant Premier Construction Co. Inc. hires laborers to aid construction workers by doing demolition, removing debris, and carrying materials from one work site to another. (Patterson Decl. ¶ 2). These laborers "officially" worked five days a week, forty hours per week, but were consistently asked to work an additional eight-hour shift on Saturday. (Id. at ¶ 3). It was Defendants' policy, in violation of FLSA, to pay their employees for their Saturday employment hours at the regular pay rate, rather than at the required time-and-a-half pay rate, even though the Saturday hours were in excess of the forty-hour work week. (Id. at ¶ 4). Further, in violation of the United States Tax Code, it was the Defendants' policy to compensate employees for their Saturday hours with cash payments that remained off-the-books and unrecorded. (Id.).

Plaintiff worked for Defendants for one year and worked almost every Saturday of that year. (Patterson Decl. ¶¶ 4, 9). He was compensated for his Saturday hours with cash, and did not receive the time-and-a-half pay rate as required by law. (Id. ¶ 4). Plaintiff knows of at least fifteen other laborers and construction workers, at his work site, who worked alongside him on Saturdays. (Id. ¶ 7). Like Plaintiff, these employees were not paid any additional pay for their overtime hours on Saturday. (Id.). Upon information and belief, Defendants' unlawful pay practices extended to laborers, construction workers, and other non-managerial employees who worked at all of Defendants' work sites in the five boroughs, including but not limited to, Bronx I (Grand Concourse), Bronx II, Brooklyn I (East New York), Brooklyn II (Green Avenue), and Manhattan. (Id. ¶ 6).

Plaintiff discussed Defendants' pay policies with several other employees and learned that these employees were also not paid anything more for their hours worked in excess of 40, on Saturday. (Patterson Decl. ¶ 5). The majority of these employees are immigrants from

2

Spanish speaking countries and possess limited English-language skills. (Id. ¶ 8).

Upon the completion of one year of employment, Plaintiff asked his employers to write a letter to his bank confirming his employment and compensation, so that he would be found eligible for a personal loan. (Patterson Decl. ¶ 9). Instead of assenting to Plaintiff's routine request for a proof of employment letter, Defendants abruptly terminated his employment. (Id.). Plaintiff realized that the Defendants were engaging in violations which they did not the bank to discover. (Id. ¶ 10).

## ARGUMENT

### I. THE COURT SHOULD CONDITIONALLY CERTIFY A COLLECTIVE ACTION

The Court should conditionally certify a collective action because Plaintiff can meet his minimal burden at this preliminary stage of litigation and demonstrate that he is "similarly situated" to other laborers, construction workers, and non-managerial workers employed by Defendants.

### a) Relevant Legal Principles under the FLSA.

The FLSA permits employees to jointly bring an action against an employer who violates its provisions requiring minimum wage and/or overtime compensation:

> Any employer who violates the provisions of section 206 [requiring payment of minimum wage] or section 207 [requiring payment of overtime compensation for hours worked in excess of 40 per week] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . .An action to recover the liability . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party

3

> and such consent is filed in the court in which such action is brought. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

The FLSA authorizes a private right of action to collect unpaid overtime wages. See 29 U.S.C. §216 (b). It also provides for a "collective" action procedure (as distinguished from the Federal Rule of Civil Procedure § 23 class action procedure) by which "similarly situated" employees are entitled to join in the named plaintiff's wage claims by "opting-in" to the action through signing and filing a consent to join with the court. See 29 U.S.C. § 216 (b); Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) quoting Hoffman La Roche Inc. v. Sperling, 493 U.S. 65, 169 (1989).

The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). It works in conjunction with state and municipal wage laws and specifically authorizes the promulgation and application of greater protections for employees. See 29 U.S.C. §218(a).

### b) The Applicable Burdens During the Two-Step Process of Certifying a Collective Action.

Certification of a collective action follows a two-step process. "In the first phase, called the notice stage, the court makes a preliminary determination based on the plaintiff's pleadings and affidavits as to whether the named plaintiff has met a minimal burden of establishing that he and the potential collective action members are similarly situated, in terms of their claims against Defendants." Robles v. Liberty Rest. Supply, Corp., No. 12-CV-5021 FB VMS, 2013 WL 6684954, at *4 (E.D.N.Y. Dec. 18, 2013). The first step of the process involves application of a

4

lenient standard, whereas the second step involves heightened scrutiny. Enriquez v. Cherry Hill Mkt. Corp., No. 10-CV-5616 FB ALC, 2012 WL 440691, at *1 (E.D.N.Y. Feb. 10, 2012) (Block, J.). During the first step, the plaintiff's burden is not a stringent one. It is significantly less exacting than the burden necessary to sustain a Rule 23 action. Poplawski v. Metroplex on the Atl., LLC, 11-CV-3765, 2012 WL 1107711, at *3 (E.D.N.Y. April 2, 2012) (Weinstein, J.) (standard to circulate the notice of pendency is "considerably less stringent than the requirements for class certification under Rule 23."). Heightened scrutiny is not required until the second step of the determination. Enriquez, 10-CV-5616 FB ALC, 2012 WL 440691, at *2. A plaintiff in applying for certification of a collective action is **not** required at either step to establish numerosity, typicality, commonality and representativeness. Id. at *1.

c) **Definition of "Similarly Situated."**

During the first step, for a plaintiff and putative plaintiffs to be "similarly situated," there must be "a 'factual nexus' between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (Cogan, J.); Velasquez v. Digital Page, Inc., No. CV 11-3892 LDW AKT, 2014 WL 2048425, at *8 (E.D.N.Y. May 19, 2014) (same). A plaintiff may meet this burden by "making a modest factual showing sufficient to demonstrate that [he] and potential plaintiffs together were victims of a common policy or a plan that violated the law." Sobczak, 540 F. Supp. 2d at 362. Where, as here, the case is in early stages of litigation and the parties have exchanged limited discovery, "courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Hanchard-James v. Brookdale Family Care Centers, 12-CV-1922 BMC, 2012 WL 3288810, at *2 (E.D.N.Y. Aug. 9, 2012) (Cogan, J.). A plaintiff need not show an actual violation of the law; rather, the inquiry centers on whether

5

the proposed plaintiffs are similarly situated with respect to the allegations that the FLSA has been violated. Young v. Cooper, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). A plaintiff need not show that he is "identically situated to potential class members," and he need only provide evidence that a "demonstrated similarity exists among individual situations." Mazur v. Olek Lejbzon & Co., 2005 U.S. Dist. LEXIS 30321, at *16-7 (S.D.N.Y. November 30, 2005). The Second Circuit has characterized a plaintiff's burden at this stage as "low." Myers, 624 F.3d at 554. Because the standard is low, a plaintiff may satisfy his burden at this stage through his own Declaration and the "averments of conversations with co-workers who complained about not receiving overtime." Enriquez, 10-CV-5616 FB ALC, 2012 WL 440691, at *2.

### d) Plaintiff Here Has Satisfied His Minimal Burden of Showing that He is "Similarly Situated" to Other Laborers, Construction Workers, and Non-Managerial Workers Employed by Defendants.

Here – at this early stage of litigation, and during this first step of collective action certification – Plaintiff has satisfied his minimal burden of showing that Defendants adopted a policy or plan whereby they did not pay their laborers, construction workers, and other non-managerial employees their overtime wages. In particular, Plaintiff has alleged in his supporting Declaration that he worked substantially more than forty (40) hours a week and was not paid any overtime wages. (Patterson Decl. ¶ 4). For conditional certification purposes, it is sufficient to show that facially lawful policy was implemented in unlawful manner, **resulting in pattern or practice of FLSA violations**. See Chime v. Peak Sec. Plus, Inc., No. 13-CV-470 WFK VVP, 2015 WL 5773951, at *15 (E.D.N.Y. Sept. 29, 2015); Amador v. Morgan Stanley & Co. LLC, No. 11 Civ. 4326, 2013 WL 494020 at *6 (S.D.N.Y. Feb. 7, 2013) (granting conditional certification based on evidence of "a de facto policy ... of requiring overtime work without attendant compensation."). Plaintiff's assertions by themselves allow the court to draw a "very

6

viable inference" that others are similarly situated to him, warranting conditional collective action certification. See Gani v. Guardian Serv. Indus., 2011 U.S. Dist. LEXIS 4353, at *2-3 (S.D.N.Y. June 3, 2010) (certifying a collective action based on the complaint and the affidavit of plaintiff); Iriarte v. Redwood Deli & Catering, Inc., No. 07–cv–5062, 2008 WL 2622929, at *3 (E.D.N.Y. June 30, 2008) (granting certification on the basis of plaintiff's one affidavit).

Here, Plaintiff has alleged that he and other similarly situated laborers, construction workers and non-managerial employees were denied overtime wages as required by FLSA, when they worked on Saturdays but were not paid time-and-a-half for such overtime hours. (Patterson Decl. ¶ 5-7). Moreover, Defendants knew that this practice was unlawful and therefore paid their employees in cash for their Saturday hours, so that these hours would remain unrecorded. (Id. ¶ 4). Accordingly, the Court should conditionally certify the collective action.

## II. THE COURT SHOULD APPROVE THE PROPOSED NOTICE OF LAWSUIT AND ALLOW PLAINTIFF TO MAIL IT TO ALL PUTATIVE PLAINTIFFS AFTER DIRECTING DEFENDANTS TO IDENTIFY AND PRODUCE CONTACT INFORMATION FOR SUCH PUTATIVE PLAINTIFFS.

### A. The Court Has Authority to Authorize the Circulation of the Proposed Notice to Potential Plaintiffs.

Although FLSA § 216(b) contains no specific provision for issuing notice to prospective plaintiffs in collective actions, district courts have power to authorize the circulation of such a notice to potential plaintiffs. See Myers, 624 F.3d at 555; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003). Plaintiff submits herewith a proposed Notice of Lawsuit and Consent to Join. See Norinsberg Decl., Exhibits B and C, respectively. The text of proposed notice lays out Plaintiff's basic factual claims, explains to the putative plaintiffs the effect of joining or not joining the case, and provides Plaintiff's counsel contact information. The text of the proposed notice is very similar to notices that have been approved by other judges in this Circuit in other collective actions for unpaid minimum or overtime wages. See

7

e.g., Robles, No. 12-CV-5021 FB VMS, 2013 WL 6684954 (E.D.N.Y. Dec. 18, 2013); Lynch v. United Services Auto. Ass'n, 491 F. Supp. 2d 357, 372 (S.D.N.Y. 2007) (McMahon, J.). Accordingly, the Court should approve the proposed notice.

    **B.**     **Opt-ins Should be Allowed 60 days to Join this Action.**

The most significant difference in procedure between the FLSA and Rule 23 is that the statute contains a requirement that plaintiffs desiring to be included in the litigation must "opt in" to the suit by filing a written consent with the court. See 29 U.S.C.A. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Accordingly, the Court should also allow putative opt-ins sixty (60) days from the mailing of the Notice to join this action.

Additionally, where, as here, putative opt-ins may be difficult to reach because they are immigrants, courts allow the putative opt-ins 60 days to join the action. See Robles, No. 12-CV-5021 FB VMS, 2013 WL 6684954 at *10 (E.D.N.Y. Dec. 18, 2013) (granting Plaintiff's request for a deadline of sixty days for the putative opt-in plaintiffs to join the collective action); Enriquez, 10-CV- 5616 FB ALC, 2012 WL 440691, at *5.

    **C.**     **The Court Should Order that Notice Be Translated Into Spanish.**

Where more than 25% of employees speak a primary language other than English, the Notice and Consent to Join to be distributed must be accompanied by a translation into the mother tongue of the non-English speaking group. See Gjurovich, supra, 282 F.Supp.2d at 99-100. Here, the majority of Defendants' employees speak Spanish primarily. (Patterson Decl. ¶ 8). Accordingly, the Court should permit Plaintiff to translate the Notice and Consent to Sue into Spanish.

8

**D.     The Court Should Order Defendants To Disclose (in Paper and Electronic Format) the Names, Last-Known Mailing Addresses, Phone Numbers, and Email Addresses of Prospective Plaintiffs Who Were Employees During the Three Year Statute of Limitations Period.**

Only Defendants know the names and contact information of potential plaintiffs in this case. The Supreme Court has confirmed this Court's inherent authority to require defendants to disclose names and other contract information so that Plaintiff's counsel can circulate the Notice of Lawsuit. Hoffmann- LaRoche, 493 U.S. at 170; Robles, No. 12-CV-5021 FB VMS, 2013 WL 6684954, at *4 (E.D.N.Y. Dec. 18, 2013) ("If the court determines that the named plaintiffs and potential opt-in plaintiffs are similarly situated, then the court may order that notice be sent to the potential opt-in plaintiffs and the court may also require production of their contact information, so that the notices can be properly addressed."). Defendants should therefore produce contact information for their laborers, construction workers, and non-managerial employees performing similar duties from February 10, 2012, three (3) years before the filing of the complaint, until the present.

The Court should require Defendants to produce the phone numbers, e-mail addresses, and home addresses for their laborers, construction workers, and non-managerial employees. Courts regularly require Defendants to produce homes addresses, phone numbers and e-mail addresses. See e.g., Ack v. Manhattan Beer Distributors, Inc., 11-CV-5582 CBA, 2012 WL 1710985 (E.D.N.Y. May 15, 2012) (Gold, M.J.) (citing cases).

Finally, to expedite the distribution of the Notice, Defendants should be ordered to provide this information in both paper and digital format. See, e.g., Hanchard-James v. Brookdale Family Care Centers, 12-CIV-1922 BMC, 2012 WL 3288810, at *7 (E.D.N.Y. Aug. 9, 2012) (Cogan, J.) (requiring the production of contact information in "Microsoft Excel; Microsoft Word; or Corel WordPerfect"); Dumitrescu v. Mr. Chow Enterprises, Ltd.,

9

07CIV3601(PKL), 2008 WL 2600667, at *7 (S.D.N.Y. June 30, 2008) (requiring the production of employee contact information in an electronic format).

    **E.    The Court Should Require Defendants to Post a Copy of the Notice of Lawsuit at their Construction Work Sites in the Five Boroughs of New York.**

The Court should require Defendants to post a copy of the Notice of Lawsuit at their construction work sites in the five boroughs of New York. See Enriquez, 10-CV-5616 FB ALC, 2012 WL 440691, at *5 ("[p]osting the notice is a reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants."). Accordingly, the Court should order Defendants to post the Notice at their construction sites in the five boroughs of New York, including but not limited to, Bronx I (Grand Concourse), Bronx II, Brooklyn I (East New York), Brooklyn II (Green Avenue), and Manhattan.  (Patterson Decl. ¶ 6).

**III.    THE COURT SHOULD EQUITABLY TOLL THE STATUTE OF LIMITATIONS FOR PUTATIVE OPT-IN PLAINTIFFS FROM THE DATE OF THIS MOTION UNTIL THE COURT ISSUES A DECISION.**

The Court should toll the statute of limitations for all putative opt-in plaintiffs while this motion is pending. Although the statute of limitations continues to run for each potential plaintiff until he or she files a consent to join form, courts have equitably stayed such claims while deciding motions to conditionally certify a collective action. See Colon v. Major Perry St. Corp., No. 12-C-V-3788 JPO, 2013 WL 3328223, at *8 (S.D.N.Y. July 2, 2013); Yahraes v. Rest. Associates Events Corp., 10-CV-935 SLT, 2011 WL 844963, at *3 (E.D.N.Y. Mar. 8, 2011) (Gold, M.J.); McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012). In McGlone, Judge Sweet noted that where "putative class representatives and their counsel are diligently and timely pursuing the claims," they should "not be penalized due to the courts heavy dockets and understandable delays in rulings." Id. at *16-7. Accordingly, Plaintiff respectfully requests that the Court toll the statute of limitations for potential opt-in employees.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests an Order pursuant to 29 U.S.C. § 216(b), affording the relief herein, including:

a) Approving the text of Plaintiff's Notice of Lawsuit and Consent to Join;

b) Permitting Plaintiff to circulate a Notice of Lawsuit and Consent to Join to similarly situated employees;

c) Requiring Defendants to provide Plaintiff's counsel with a complete list in electronic form of names, mail addresses, email addresses, and telephone numbers of their current and former employees, performing similar duties from February 10, 2012, three (3) years before the filing of the complaint, until the date this motion is decided;

d) Permitting all similarly situated individuals 60 days to opt into this case;

e) Tolling the statute of limitations for all similarly situated individuals from the date of the motion to certify until the date the Court issues an order on the motion;

f) Requiring the Defendants to post a copy of the Notice of Lawsuit at their locations;

g) Permitting Plaintiff to translate the Notice of Lawsuit and Consent to Join in Spanish; and

h) Granting any relief that the Court finds just.

Dated: New York, New York
       December 14, 2015

                                          Respectfully submitted,

                                          JOSEPH & NORINSBERG, LLC

                                          By: _____
                                              Jon L. Norinsberg, Esq.
                                              Chaya Gourarie, Esq.
                                              225 Broadway Suite 2700
                                              New York, N.Y. 10007
                                              Tel: (212) 791-5396/7
                                              Fax: (212) 406-6890
                                              *Attorneys for Plaintiffs*