UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

SEAN PATTERSON, on behalf of himself and all
others similarly situated,

                                                            **DECLARATION OF**
                                                            **JON L. NORINSBERG, ESQ.**

                        Plaintiff,

            -against-                                       NO. 15-CV-00662 (SLT)(PK)

PREMIER CONSTRUCTION CO. INC., et al.

                        Defendants.

---------------------------------------------------------------X

    JON L. NORINSBERG, ESQ, hereby declares, pursuant to 28 U.S.C. §1746, under

penalty of perjury, the following:

    1.    I am a partner at the firm Joseph & Norinsberg, LLC, which represents Plaintiff in

the above-captioned action.  As such, I am familiar with the facts and circumstances of the

within action to the extent set forth herein. I submit this Declaration in support of Plaintiff's

motion pursuant to 29 U.S.C.A. §216(b) to conditionally certify a collective action.

    2.    Attached hereto as Exhibit A is a true and correct copy of the Complaint in the

above-referenced action,

    3.    Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Proposed

Notice of Lawsuit to be sent to laborers, construction workers, and non-managerial workers who

were employed by the Defendants and who were denied overtime wages for their Saturday

employment hours.

    4.    Attached hereto as Exhibit C is a true and correct copy of Plaintiff's Proposed

Consent to Join form, which would be distributed to putative Plaintiffs who are similarly situated

to Plaintiff Sean Patterson.

_____
JON L. NORINSBERG, ESQ.

Dated:  New York, New York
        December 14, 2015

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2015 FEB 10 PM 12: 16

SEAN PATTERSON, on behalf of himself and all
others similarly situated,

**COMPLAINT** DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
**JURY TRIAL DEMANDED**

Plaintiff,

-against-

PREMIER CONSTRUCTION CO. INC.,

Defendant.

CV 15 - 0662
TOWNES, J.

POHORELSKY, M.J.

Plaintiff SEAN PATTERSON (hereinafter "Plaintiff" or "Plaintiff Patterson"), on behalf

of himself and all others similarly situated (collectively as "Plaintiffs" or "FLSA PLaintiffs" or

"Class Action Plaintiffs"), by and through his attorneys, Joseph & Norinsberg, bring this action

for damages and other legal and equitable relief from Defendant, PREMIER CONSTRUCTION

CO., INC., ("Premier"), for violations of: (1) the Fair Labor Standards Act, as amended, 29

U.S.C. §§ 201 *et seq.* ("FLSA"); (2) the New York Labor Law ("Labor Law" or "NYLL"); (3)

the spread of hours requirement as contained in New York State regulation 12 NYCRR § 142 *et

seq.*; and (4) any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

1.      Plaintiff brings this action on his own behalf and on behalf of those similarly-

situated to him for Defendant's violations of Federal and New York State laws requiring

overtime pay for employees and proper compensation for spread of hours.

2.      Defendant committed violations of these laws by engaging in a systematic

scheme of failing to pay Plaintiff and other similarly-situated employees their statutorily

required overtime compensation and failing to properly compensate Plaintiff and other similarly-

situated employees for spread of hours. Defendant further violated applicable state law requiring

8.      At all times hereinafter mentioned, Defendant Premier was and is a corporation organized under the laws of the State of New York, with its principal place of business in the County, City and State of New York.

9.      Defendant PREMIER is a business located at the 37-15 12 Street, Long Island City, in the County of Queens and in the City and State of New York .

11.     The amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and the Defendant is engaged in an enterprise engaged in interstate commerce, the combination of which subjects the business to the FLSA's overtime requirements. Additionally, all of Defendant's employees, including Plaintiffs herein, are individually engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce. This independently subjects Defendant to the overtime requirements of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

12.     Plaintiff seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on his own behalf as well as those in the following class:

> Current and former employees of Defendant who perform or performed any work in any of Defendant's locations as non-managerial employees who give consent to file a cause of action to recover overtime compensation which is legally due to them for the time worked in excess of forty (40) hours per week ("FLSA Plaintiffs").

13.     Plaintiff is similarly situated to all such individuals because, while employed at Premier, he and all FLSA Plaintiffs performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were required to work in excess of forty (40) hours per work-week; were not paid the required one and a half (1½) times their respective regular rates of pay for all overtime hours worked; and were

3

not provided with accurate statements of wages at the time they were paid, reflecting actual hours worked.

14.     Specifically, for the duration of Plaintiff's employment with defendants, which covered a period in excess of one year, plaintiff was scheduled to work and/or required to work in excess of forty (40) hours per week, working eight or more hours every day, six days a week, every week.  Plaintiff was  not compensated at the statutorily required rate of time and a half for the hours he worked in excess of forty (40). Defendant failed to pay Plaintiff and all those similarly situated to Plaintiff the actual overtime hours worked.

15.     Defendant is and has been aware that it is required to pay Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs one and a half (1½) times their respective regular rates of pay for all hours worked over forty (40).   However, Defendant purposefully – and explicitly – chose not to abide by the law.

## RULE 23 CLASS ALLEGATIONS

16.     Plaintiff additionally seeks to maintain this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on his own behalf as well as those who are similarly situated and are also Class Action Plaintiffs, who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law.

17.     The Class which Plaintiffs seek to define includes:

> Current and former employees of Defendant who perform or performed any work in any of Defendant's locations in any capacity during the statutory period within the State of New York who (1) worked in excess of forty (40) hours per week and were not compensated with overtime pay and/or (2) worked in excess of ten (10) hours per day and were not compensated with the mandatory spread of hours pay and/or (3) were not provided with an accurate statement of wages, reflecting actual hours worked. ("Class Action Plaintiffs").

4

**Numerosity**

18.     Upon information and belief, the putative class includes potentially hundreds of individuals who have been employed by defendant at one or more tri-state locations during the past six years, and is therefore so numerous that joinder of all class members is impracticable.

**Common Questions of Law and/or Fact**

19.     There are questions of law/fact that govern over the claims which are available to each and every Class Action Plaintiff, including but not limited to the following:

        a.     Whether Class Action Plaintiffs worked in excess of forty (40) hours per week and/or ten (10) hours per day;

        b.     Whether Defendant failed to pay Class Action Plaintiffs for the hours worked in excess of forty (40) hours;

        c.     Whether Class Action Plaintiffs were compensated for spread of hours;

        d.     Whether Defendant kept accurate records of hours worked by Class Action Plaintiffs;

        e.     Whether Defendant provided Class Action Plaintiffs with accurate statements of actual hours worked at the time payroll is distributed;

        f.     Whether Defendant have any affirmative defenses for any of these claims.

**Typicality of Claims and/or Defenses**

20.     Plaintiff was employed by defendant in the same capacity as all of Defendants' non-managerial employees entitled to earn spread of hours and time and a half (1 ½) for overtime services performed.

22.     Throughout his period of employment, Plaintiff was not compensated for his spread of hours for days worked in excess of ten (10) hours, and he was not properly paid for

overtime services performed. This was the same or similar for all of Defendant's non-managerial employees. Thus, there are common questions of law and fact which are applicable to each and every one of Defendant's non-managerial employees holding those exact or similar non-managerial positions.

**Adequacy**

23.     The representative plaintiff, Sean Patterson, is not currently employed by Defendant.

24.     Plaintiff fully anticipates the ability to testify under oath as to the services worked and time spent thereof for Defendant and would properly and adequately represent the current and former employees who have been subjected to the unlawful treatment alleged herein.

25.     Additionally, Plaintiff's attorneys have substantial experience in this field of law and in litigating class action claims.

**Superiority**

26.     Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

27.     Plaintiff has no facts relating to the class claims that are atypical from those of the class. Indeed, upon information and belief, Plaintiff was treated identically to other employees.

28.     Indeed, because Plaintiff is not currently employed by Defendant, he will be able to further represent Class Action Plaintiffs by acting without fear of retaliation and/or harassment.

29.     Thus, to protect all of Class Plaintiffs' rights, a class action is superior to any other method.

6

## FACTS

30.     Defendant Premier is a privately owned construction company that does business in all five boroughs in the City and State of New York, with its principal place of business located at 37-15 12 Street, Long Island City, NY 11101.

31.     Plaintiff Sean Patterson commenced his employment with Premier on November 4, 2013 and worked as a "helper" at multiple construction sites until December 31, 2014.

32.     For the duration of his employment at Premier, Plaintiff was a full-time employee of defendant. Plaintiff routinely worked over eight (8) hours a day, six (6) days per week and at least forty- eight (48) hours per week.

33.     Despite working at least forty-eight (48) hours per week, Defendant failed to pay Plaintiff the statutorily-mandated rate of one and one-half his straight-time hourly rate of pay for any hours that he worked each week in excess of forty.

34.     Defendant also failed to pay the FLSA Plaintiffs and Class Action Plaintiffs the statutorily-mandated rate of one and one-half their straight-time hourly rate of pay for any hours that they worked each week in excess of forty, despite the fact that they too, like plaintiff, were required to work six days a week, at least eight hours a day, while working at Premier.

35.     Further, Plaintiff  was not compensated for the legally mandated spread of hours pay for hours worked in excess of ten (10) hours a day, nor were the other FLSA and Class Action Plaintiffs so compensated.

36.     Defendant willfully and intentionally failed to pay plaintiff, the FLSA and Class Action Plaintiffs their lawful wages.

7

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219)*
*Federal Overtime Pay Violations*

37.    Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38.    Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

39.    Defendant's practices were willful and lasted for the duration of all relevant time periods.

40.    These practices are in violation of the FLSA.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violation of Labor Law §§ 650 et seq.)*
*New York State Overtime Pay Violations*

41.    Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42.    Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs were required to work in excess of forty (40) hours per week without being compensated for those hours at the statutorily required rate of one and a half (1 ½) times their regular rate of pay.

43.    These practices were willful and lasted for the duration of all relevant time periods.

44.    These practices are in violation of Labor Law §§ 650 *et seq.*

8

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violation of 12 N.Y.C.R.R. § 142-2.4)*

45.     Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs were required to work in excess of ten (10) hours a day without being compensated for the legally mandated spread of hours pay.  These practices were willful and lasted for the duration of the relevant time periods.

47.     This practice is in violation of 12 N.Y.C.R.R. § 142-2.4.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT ON BEHALF OF PLAINTIFF AND ALL FLSA AND CLASS ACTION PLAINTIFFS
*(For Violation of the New York Labor Law § 195 (3))*

48.     Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     New York Labor Law §195 (3) requires that employers furnish employees with wage statements containing specific enumerated criteria on each occasion when the employer pays wages to the employee.

50.     Defendant did not issue accurate pay stubs to the Plaintiffs in violation of New York Labor Law §195 (3).

51.     Specifically, Plaintiffs were not given pay stubs which accurately reflected the number of overtime hours worked each and every week.

9

52.     Further, on Saturdays, defendant paid all workers *in cash only* − without documenting same on plaintiffs' wage statements − in order to conceal their unlawful wage practices as set forth above.

53.     This practice is willful and in violation of New York Labor Law § 195 (3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs demand judgment against Defendant as follows:

1.     Demand a jury trial on these issues to determine liability and damages;

2.     Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3.     A judgment declaring that the practices complained of herein are unlawful and in violation of FLSA, 29 U.S.C. §§ 201-219; Labor Law §§ 650 *et seq.*; Labor Law §195 (3); and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

4.     A judgment pursuant to 28 U.S.C. § 2201 declaring that Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs are not exempt from the overtime requirements of FLSA 29 U.S.C. §§ 201-219 and Labor Law §§ 650 *et seq.*; and the New York "spread of hours" pay required under 12 N.Y.C.R.R. § 142-2.4.

5.     An award to the Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs for all damages which Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs have sustained as a result of Defendants conduct, including back pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

Dated: February 6, 2015
       New York, New York

                                      Respectfully submitted,

                                      **JOSEPH & NORINSBERG, ESQS.**

                                      *Attorneys for Plaintiffs*
                                      225 Broadway, Suite 2700
                                      New York, New York 10007
                                      (212) 791-5396

                                      BY:

                                        JON L. NORINSBERG
                                        **Jon@employeejustice.com**

# EXHIBIT B

# <u>NOTICE OF LAWSUIT</u>

## **If you were employed at Premier Construction Co. Inc. between February10, 2012 and the present, please read this notice.**

## <u>A collective action lawsuit may affect your legal rights.</u>

### ***<u>This is a court-authorized notice. This is not a solicitation from a lawyer.</u>***

- Sean Patterson ("Plaintiff"), a former employee of Premier Construction Co. Inc. ("Premier") has sued Premier and Saeed M. Anjum (together, the "Defendants"), claiming, among other things, that Defendants unlawfully failed to pay him overtime wages as required by federal and New York State law.

- Defendants deny that they have committed any wrongdoing and dispute the claims alleged in this lawsuit.

- The Court has not yet determined who is right.

- Your legal rights may be affected, and you have a choice to make <u>now</u> as to whether or not you wish to join the Collective Action portion of this lawsuit.

- Your options are explained in this notice. To ask to be included in the Collective Action portion of this lawsuit, you must act on or before [opt-in deadline; 60 days from date of order].

- It is illegal for Defendants to retaliate against you because you join this  lawsuit. Defendants may not reduce your schedule, suspend you, terminate you, reduce your rate of pay or report you to immigration authorities because you join this lawsuit.

## 1. Why did I get this notice?

You are receiving this notice to inform you of the collective action portion of a lawsuit against Defendants in which you are potentially similarly situated to the Plaintiff. The Defendants' records show that you work or worked for Defendants between February 10, 2012 and the present as a helper or employee with similar job duties.

## 2. What is this lawsuit about?

This lawsuit is about whether the Defendants' pay practices complied with federal and/or New York law. In the Collective Action portion of this lawsuit, Plaintiff alleges that Defendants violated federal law by failing to pay employees overtime pay at the proper time-and-a-half overtime rate for each hour worked over 40 hours per week. A trial may be necessary to decide whether the claims being made against the Defendants are correct.  The Honorable Sandra L. Townes, United States District Court Judge, is presiding over this case, and the Honorable Peggy Kuo, United States Magistrate Judge, is overseeing pre-trial preparation. The lawsuit is known as Patterson v. Premier Construction Co. Inc., No. 15-cv-00662 (SLT) (PK).

## 3. What is the Defendants' position?

The Defendants deny that they violated federal and New York State law. In particular, Defendants deny that they failed to pay overtime wages.

## 4. What is a Collective Action and who is involved?

In a collective action lawsuit, individuals can start a lawsuit and ask to bring others who have similar claims into the lawsuit. All helpers or employees with similar job duties who worked for Defendants between February 10, 2012 and the present and who decide to participate in the Collective Action may be conditionally part of the "Collective Action" and are "Collective Action Members" against Defendants. The Court will resolve the issues for the Collective Action only for the people who join the case.

If you choose to join this Collective Action, your continued right to participate in this lawsuit may depend on a later decision by the Court as to whether you and the Plaintiff are similarly situated in accordance with applicable law and whether it is appropriate for this case to continue as a Collective Action.

## 5. Why is this lawsuit a Conditional Collective Action?

The Court has conditionally authorized this case to proceed as a Collective Action under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., in order to provide notice of Plaintiff's claims that the Defendants unlawfully failed to pay overtime wages to similarly situated employees.

## 6. What is the Plaintiff asking for?

With respect to the federal claims to which this Notice of Lawsuit relates, Plaintiff is seeking to recover overtime wages. Plaintiff also is also seeking to recover 100% (double) liquidated damages, interest, attorneys' fees and costs.

## 7. Has the Court decided who is right?

The Court has not decided whether the Defendants or the Plaintiff is correct. By conditionally authorizing the Collective Action and allowing the issuance of this Notice of Lawsuit, the Court is not suggesting that the Plaintiff will win the case or that the Plaintiff, you or any other employee of Defendants is entitled to a monetary recovery.

## 8. Can I join this Collective Action?

To be eligible to join this Collective Action, you must have worked for Defendants as a helper or employee with similar job duties at any time between February 10, 2012, and the present, and have suffered similar wage-and-hour law violations as those Plaintiff claims he suffered. You are not required to join this Collective Action but may join if you choose to and are eligible to do so.

## 9. I'm still not sure if I am included.

If you have any questions, you may contact Plaintiff's attorneys. Please ask to speak to Nicole:

**Joseph & Norinsberg, LLC**
**ATT: Jon Norinsberg, Esq.**
**225 Broadway Suite 2700**
**New York, N.Y. 10007**
**Tel:  (212) 227-5700**
**Fax: (212) 406-6890**
**E-mail: nicole@norinsberglaw.com**

## 10. What happens if I do nothing at all?

If you choose not to join this Collective Action, you will not be affected by any ruling, judgment or settlement related to any federal minimum wage and overtime claims you may have against Defendants, whether favorable or unfavorable. You will <u>not</u> be entitled to share any amounts recovered by Plaintiff or others as part of this Collective Action. You also will be free to retain your own attorney and file your own lawsuit concerning any federal minimum wage and overtime claims you may have against Defendants. You should be aware that your federal wage and hour claims are limited by two and three-year statutes of limitations.

## 11. What happens if I join the Collective Action?

If you choose to join this Collective Action, you will likely be bound by any ruling, settlement or judgment concerning the Collective Action claims, whether favorable or unfavorable. While this case is pending, you may be asked to provide documents or information relating to your employment or otherwise participate in written and/or oral discovery proceedings, including sitting for a deposition under oath, and/or testifying in a trial of this matter.

## 12. Does my immigration status matter?

Your immigration status does not matter. It does not affect your right to recover back wages or to participate in this lawsuit. **You will <u>not</u> be asked to disclose your immigration status. You will not be asked to discuss whether you are a citizen or have a green card in order to participate in this suit.**

## 13. Do I have a lawyer in this case? Do I need one?

If you choose to join this Collective Action, you have the option to be represented by Plaintiff's counsel:

Joseph & Norinsberg, LLC
225 Broadway Suite 2700
New York, N.Y. 10007
Tel: (212) 227-5700
Fax: (212) 406-6890
www.employeejustice.com

The attorneys representing the Plaintiff are being paid on a contingency-fee basis, which means that if there is no recovery, the attorneys will not collect any fees. You will not be responsible for any attorneys' fees if your claims are unsuccessful. You may be responsible for a portion of the attorney's expenses if the Collective Action is lost; these expenses are not expected to be significant. If there is a recovery, however, the attorneys for the Plaintiff may receive a part of any settlement obtained or money judgment entered in favor of Plaintiff and the other participants in the Collective Action, including you. In addition, Plaintiff's attorney may apply to the Court to have Defendants pay Plaintiffs' attorneys' fees and costs, and the Court has discretion as to the amount of fees and costs awarded. If you choose to be represented in this Collective Action by Plaintiff's attorney, the specific terms and conditions of that representation will be contained in a fee agreement that the attorneys will mail to you for your consideration. It will be your responsibility to stay in touch with Plaintiff's attorneys if they represent you.

You have the right to consult with, or retain, any other lawyer admitted to practice in this Court to represent you in this lawsuit. You will be required to represent yourself until an attorney makes an appearance on your behalf.

You are not required to retain an attorney in order to join the Collective Action. If you opt-in but do not retain an attorney to represent you, you will be required to represent yourself in the litigation. You will have to remain in regular contact with the Court, participate in conferences and conduct discovery. For additional information about representing yourself, you may contact

4

the Pro Se Office of the United States District Court, Eastern District of New York, at (718) 613-2665.

**14. How do I ask the Court to include me in the Collective Action?**

**Enclosed is a form called "Consent to Join." If you worked for Defendants between February 10, 2012 and the present and choose to join this lawsuit, it is extremely important that you read, sign, and promptly return the Consent to Join form.**

An addressed and postage-paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent to Join Form must be sent to:

> Joseph & Norinsberg, LLC
> ATT: Jon Norinsberg, Esq.
> 225 Broadway Suite 2700
> New York, N.Y. 10007

You can also fax the **Consent to Join** form to (212) 406-6890 or scan and email it to nicole@norinsberglaw.com.

The signed **Consent to Join** form must be postmarked, emailed, or faxed early enough that it will be received and filed by Plaintiff's counsel by [opt-in deadline; 60 days from date of order]. If your signed **Consent to Join Form** is not postmarked, emailed, or faxed early enough that it will be received and filed by Plaintiff's counsel by [opt-in deadline; 60 days from date of order], the Court may decide not to allow you to participate in the federal law portion of this lawsuit.

On the Consent to Join form, you must indicate whether you wish to be represented in this lawsuit by Joseph & Norinsberg, LLC, the attorneys for Plaintiff, by a different attorney of your choosing or by yourself.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, HONORABLE SANDRA TOWNES, UNITED STATES DISTRICT JUDGE.**

**THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIM OR OF THE DEFENDANTS' DEFENSES.**

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SEAN PATTERSON,
on behalf of himself and all others similarly situated,

                                                                    No. 15-cv-00662 (SLT) (PK)

                              Plaintiff,

              -against-

PREMIER CONSTRUCTION CO. INC. and SAEED
M. ANJUM,

                              Defendants.
-------------------------------------------------------------------X

### CONSENT TO JOIN

At some time between February 10, 2012 and the present, I worked for the above-named Defendants. During this time period, there were occasions when Defendants failed to pay me at one-and-a-half times my regular hourly rate of compensation for hours worked on Saturdays.

I hereby consent to be a plaintiff in the above-referenced lawsuit, to assert claims against the above-named Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**CHECK ONE:**            ☐        I hereby authorize Joseph & Norinsberg, LLC, the attorney for the
                                    above-named Plaintiff, to represent me in this lawsuit.

                          ☐        I plan to retain a different attorney. I understand that my
                                    attorney must file a Notice of Appearance.

                          ☐        I am representing myself in this lawsuit.

_____        _____
Signature                                 Date

_____        _____
Print Name                                Street Address

_____        _____
City, State, Zip Code                     Telephone Number(s)

_____
Email Address

**YOU MUST RETURN THIS FORM NO LATER THAN**_____**TO:**

          **Joseph & Norinsberg, LLC (ATT: Jon Norinsberg, Esq.)**
          **225 Broadway Suite 2700**
          **New York, N.Y. 10007**
          **Tel: (212) 227-5700**
          **Fax: (212) 406-6890**
          **E-mail: nicole@norinsberglaw.com.**