UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SEAN PATTERSON, on behalf of himself and
all others similarly situated,

Index No. 15-cv-0662

                Plaintiff,

AFFIRMATION IN OPPOSITION

    -against-

PREMIER CONSTRUCTION CO., INC., and
SAEED M. ANJUM,

                Defendants.
----------------------------------------------------------------X

    ADAM S. COHEN, an attorney duly admitted to practice before the United States District Court, Eastern District of New York, affirms the following under the penalties of perjury:

1. I am an associate of Rabinowitz, Galina & Rosen, Esqs., attorneys for Defendants PREMIER CONSTRUCTION CO., INC. ("Premier") and SAEED M. ANJUM ("Anjum") (collectively, the "Defendants") herein.

2. As such, I am fully familiar with the facts and circumstances of the within action to the extent set forth herein.

3. I submit this Affirmation in Opposition to Plaintiff's motion pursuant to 29 U.S.C.A. §216(b) to conditionally certify a collective action.

4. Defendants have no substantive objections to any of Plaintiff's requests, other than "f) [r]equiring the Defendants to post a copy of the Notice of Lawsuit at their locations".

5. In support of Plaintiff's contention that the Court should require Defendants to post a copy of the proposed Notice of Lawsuit at their work sites, Plaintiff cites <u>Enriquez v. Cherry Hill Market Corp.</u>, 2012 WL 440691, *5 (E.D.N.Y. Feb. 10, 2012).

6. In <u>Enriquez</u>, the Plaintiffs had worked at two locations owned by the Defendant therein. *Id.* The Court held that posting the notice at these two locations was a "reasonable means of assuaging the vagaries of notice by mail, and would not unduly burden the defendants." *Id.*, at *5.

7. In contrast, herein is seeking posting at a minimum of five (5) locations, "including but not limited to, Bronx I (Grand Concourse), Bronx II, Brooklyn I (East New York), Brooklyn II (Green Avenue), and Manhattan", none of which are owned by Defendants. (Norinsberg Memo of Law, page 10).

8. Some of these jobs, such as "Manhattan" and "Bronx II" are not identified with any specificity whatsoever. It would be unduly burdensome and prejudicial to Defendants to have them attempt to determine to what projects Plaintiff could be referring.

9. Furthermore, it is unclear which of the jobs that Plaintiff worked on still have ongoing construction. If the projects are complete, it would be unduly burdensome, impractical, and ineffectual to have Defendants attempt to enter these locations and post the notice where no work is being performed.

10. Any current Premier jobsite wherein Plaintiff Patterson never worked would be an improper location for the posting of such a notice.

11. Additionally, it remains unclear what "vagaries of notice by mail" are extant herein.

12. Any postings the Court should deem warranted should be limited to those locations where Plaintiff Patterson actually worked, and where work is still ongoing.

Dated: Mineola, New York
January 27, 2016

                                  Rabinowitz, Galina & Rosen, Esqs.
                                  *Attorneys for Defendants*

By: _____
        Adam S. Cohen, Esq.
        94 Willis Avenue
        Mineola, New York 11501
        Tel: (516) 739-8222
        Fax: (516) 739-8225