# Joseph & Norinsberg, LLC

225 Broadway Suite 2700
New York, NY 11021
Telephone (212) 791-5396
Fax (212) 406-6890

_____

www.employeejustice.com

February 5, 2016

VIA ECF
The Honorable Sandra L. Townes, USDJ
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:     Patterson v. Premier Construction Co. Inc.,
        No. 15-cv-00662 (SLT) (PK).

Dear Judge Townes:

This firm represents Plaintiff Sean Patterson ("Plaintiff") in the above-referenced FLSA matter against Defendants Premier Construction Co. Inc. and Saeed M. Anjum ("Defendants"). We submit this letter in reply to Defendants' Affirmation in Opposition to Plaintiff's motion to conditionally certify a collective action pursuant to 29 U.S.C.A. § 216(b), wherein Defendants asserted that they had "no substantive objections to any of Plaintiff's requests" other than one request, which Defendants believed needed further specification. (See Cohen Aff. ¶¶ 4, 8).[1]  We write now to address the few remaining issues that need to be addressed by the Court.

**I.    With Regard to Posting the Notice of Lawsuit, the dispositive question is not where Plaintiff worked in the _past_, but where potential similarly-situated plaintiffs are _currently_ working.**

In regard to Plaintiff's request for the posting of their proposed Notice Of Lawsuit (#f), Defendants' request for clarification of the exact worksites where Plaintiffs worked in the _past_ is unnecessary. As construction work in transitory in nature, the dispositive question is not where Plaintiff worked in the _past_, but where potential similarly-situated plaintiffs are _currently_ working. Indeed,  courts routinely approve requests to post the Notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail. See, e.g., Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F.Supp.2d 89, 96 (E.D.N.Y.2010) ("[W]hile defendants object to the posting of the Notice at their business locations—and request an order prohibiting it—such a practice has been routinely approved in other cases."); Malloy v. Richard Fleischman & Assoc. Inc., No. 09 Civ. 322, 2009 WL 1585979, at *4, 2009 U.S. Dist. LEXIS 51790, at *11 (S.D.N.Y. June 3, 2009) (requiring defendant to post the notice of pendency "in

---

[1] Since Defendants have no substantive objections to Plaintiff's requests, Plaintiff has elected to submit this brief letter reply in lieu of submitting a formal memorandum.

THE HONORABLE SANDRA L. TOWNES
FEBRUARY 5, 2016
PG. 2

each workplace where potential collective action members are employed"); <u>Rubery v. Buth–Na–Bodhaige, Inc.</u>, 569 F.Supp.2d 334, 338 (W.D.N.Y.2008) (requiring defendant to post a copy of the class notice on "each of its employee common area bulletin boards"); <u>Fa Ting Wang v. Empire State Auto Corp.</u>, No. 14-CV-1491 WFK VMS, 2015 WL 4603117, at *17 (E.D.N.Y. July 29, 2015) (Ordering the "posting the Notice of Pendency in a reasonable location, such as on a bulletin board where the employer customarily post notices to employees.").

Accordingly, there is a ample legal authority in support of posting the Notice Of Lawsuit in each workplace where potential plaintiffs are *currently* working. Thus, Defendants' request that in the case at bar such postings should be limited to only those locations where Plaintiff actually worked, goes against common sense as well as the accepted law in this jurisdiction. (<u>See</u> Cohen Aff. ¶¶ 10, 12). In fact, Defendants' contradict their own position and admit that it would be ineffectual and impractical to post the Notice Of Lawsuit at worksites where the construction projects have been completed, such that no work is being performed and no workers are present. (<u>See Id.</u> at 9). Moreover, Defendants' claim that "it is unclear which of the jobs that Plaintiff worked on still have ongoing construction," (<u>see Id.</u> ¶ 9) is surely not grounds to deny Plaintiff's request for posting the Notice of Lawsuit, as such information is unquestionably more readily available to Defendants than to Plaintiff.

In sum, based on the foregoing, Defendants' objections to Plaintiff's request to post a Notice of Lawsuit at their current worksite location are contradictory and groundless and should be rejected.

II.     **Plaintiff's Past Worksite Locations.**

Notwithstanding the fact that the past locations where Plaintiff worked is not dispositive, Plaintiffs asserts, upon information and belief, that he did construction work at the following work sites:

- 507 Williams Ave, Brooklyn, NY 11207
- 509 Williams Ave, Brooklyn, NY 11207
- 512 Williams Ave, Brooklyn, NY 11207
- 550 Greene Ave, Brooklyn, NY 11216

Plaintiff asserts further, upon information and belief, that he did construction work at one of Defendants' worksites in Manhattan, and at two of Defendants' worksites in the Bronx.[2]

III.     **Plaintiff's Motion to Certify a Collective Action Should Be Granted In Its Entirety.**

As Defendants' have made no substantive objections to Plaintiff's request for the certification of a collective action -- aside from one objection which proved to be contradictory and meritless as detailed herein -- Plaintiff's counsel respectfully request that, pursuant to 29 U.S.C. § 216(b), this Court issue an Order:

1.  Approving the text of Plaintiff's Notice of Lawsuit and Consent to Join;

---

[2] Addresses for these worksites will be provided under separate cover, once such information is obtained.

THE HONORABLE SANDRA L. TOWNES
FEBRUARY 5, 2016
PG. 3

2. Permitting Plaintiff to circulate a Notice of Lawsuit and Consent to Join to similarly situated employees;

3. Requiring Defendants to provide Plaintiff's counsel with a complete list in electronic form of names, mail addresses, email addresses, and telephone numbers of their current and former employees, performing similar duties from February 10, 2012, three (3) years before the filing of the complaint, until the date this motion is decided;

4. Permitting all similarly situated individuals 60 days to opt into this case;

5. Tolling the statute of limitations for all similarly situated individuals from the date of the motion to certify until the date the Court issues an order on the motion;

6. Requiring the Defendants to post a copy of the Notice of Lawsuit at locations where similarly situated potential plaintiffs are currently working; and

7. Permitting Plaintiff to translate the Notice of Lawsuit and Consent to Join in Spanish.

We thank the Court for its attention to this matter.

Respectfully submitted,

Jon L. Norinsberg, Esq.