UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SEAN PATTERSON, on behalf of himself and
all others similarly situated,

                   Plaintiff,

           -v-

PREMIER CONSTRUCTION CO. INC. and
SAEED M. ANJUM,


                   Defendants.
-------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

**15-CV-0662 (SLT) (PK)**

**KUO, United States Magistrate Judge:**

In this action alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and violations of New York state law, Plaintiff filed on February 5, 2016 a fully-briefed motion pursuant to 29 U.S.C. § 216(b) ("Section 216(b)") to conditionally certify a collective action (the "Motion"). *See* Dkt. No. 20. On February 29, 2016, the Honorable Sandra L. Townes referred the Motion to the undersigned for a report and recommendation. Dkt. No. 21. Having considered the Motion, and having heard the parties on the Motion at a status conference held on February 23, 2016, the undersigned respectfully recommends that the Motion should be granted.

Defendant Premier Construction Co. Inc. ("Premier") is a privately-owned construction company with its principal place of business in Long Island City, New York. Amended Complaint, Dkt. No. 4 ¶ 32. According to the Amended Complaint, Defendant Saeed M. Anjum was and is Premier's principal owner. *Id.* ¶¶ 10-11. Plaintiff Sean Patterson ("Patterson") alleges that he was a full-time employee of Premier at multiple construction sites between November 2013 and December 2014, and describes his position as "helper." *Id.* ¶¶

33-34. The Amended Complaint defines the prospective class as "[c]urrent and former employees of Defendant who perform or performed any work in Defendant's locations in any capacity during the statutory period within the State of New York who (1) worked in excess of forty (40) hours per week and were not compensated with overtime pay and/or (2) worked in excess of ten (10) hours per day and were not compensated with the mandatory spread of hours pay and/or (3) were not provided with an accurate statement of wages reflecting actual hours worked." *Id.* ¶ 19.

An attorney affirmation in support of Plaintiff's motion appends, *inter alia*, a copy of Plaintiff's Proposed Notice of Lawsuit "to be sent to laborers, construction workers, and non-managerial workers who were employed by the Defendants and who were denied overtime wages for their Saturday employment hours." Declaration of Jon L. Norinsberg, Esq. ("Norinsberg Declaration"), Dkt. No. 20-2 ¶ 3 and Ex. B. Plaintiff's Motion seeks an order that, among other things, requires the Defendants "to post a copy of the Notice of Lawsuit at their locations[.]" *See* Dkt. No. 20, at f).

The affirmation of Defendants' counsel submitted in opposition to the Motion states that "Defendants have no substantive objections to any of Plaintiff's requests, other than . . . requiring Defendants to post a copy of the Notice of Lawsuit at their locations." Dkt. No. 20-4 ¶ 4. The affirmation clarified that Defendants' objection was that "[i]f the projects are complete, it would be unduly burdensome, impractical, and ineffectual to have Defendants attempt to enter these locations and post the notice where no work is being performed" and also that "[a]ny current Premier jobsite wherein Plaintiff Patterson never worked would be an improper location for posting such a notice." *Id.* ¶¶ 9-10.

At a February 23, 2016 status conference before the undersigned, Defendants' counsel

withdrew Defendants' objection to posting the Notice of Lawsuit at jobsites where Plaintiff—whose employment allegedly ended in 2014—had never worked. The parties agreed that the Notice would be posted at the locations where Defendant Premier's employees are currently working, not at past construction sites.

Even where notice will be sent by mail, and where defendants maintain multiple locations where similarly situated individuals are employed, courts in this Circuit routinely require that employers "conspicuously post notice in a common area" at multiple offices or job sites. *See, e.g.*, *Flood v. Just Energy Marketing Corp.*, 15-CV-2012 (AT), 2016 WL 354078, at *4 (S.D.N.Y. Jan. 26, 2016) (ordering defendants to "conspicuously post notice in a common area at each of their New York offices"); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("[W]hile defendants object to the posting of the Notice at their business locations—and request an order prohibiting it—such a practice has been routinely approved in other cases.").

With Defendants' sole objection to the Motion—concerning the locations where Defendants should be ordered to post the Notice of Lawsuit—resolved on consent, the undersigned respectfully recommends that Plaintiff's Motion pursuant to Section 216(b) to conditionally certify this action as a collective action be granted. Specifically, the undersigned recommends that the Court:

- a) Approve the text of Plaintiff's Notice of Lawsuit and Consent to Join (appended as Exhibits B and C to the Norinsberg Declaration, Dkt. No. 20-2);

- b) Permit Plaintiff to circulate the Notice of Lawsuit and Consent to Join to laborers, construction workers, and non-managerial workers who were employed by the Defendants and who were denied overtime wages for their Saturday employment hours;

- c) Require Defendants to provide Plaintiff's counsel, within ten (10) days of the

        Court's decision on the Motion, with a complete list in electronic form of names, mail addresses, email addresses, and telephone numbers of their current and former employees, performing similar duties from February 10, 2012 -- three (3) years before the filing of this action -- until the date the Court decides the Motion;

d)    Permit all individuals similarly situated to Plaintiff Patterson sixty (60) days to opt into this action;

e)    Toll the statute of limitations for all similarly situated individuals from December 14, 2015, the date that the Notice of Motion for conditional collective action certification was served on Defendants, until the date the Court decides the Motion;

f)    Require Defendants to post a copy of the Notice of Lawsuit and Consent to Join at all of the construction sites where Defendants' employees are working on the date that the Court decides the Motion; and

g)    Permit Plaintiff's counsel, at their expense, to arrange for translation of the Notice of Lawsuit and Consent to Join into the Spanish language.[1]

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the Honorable Sandra L. Townes, by March 22, 2016.

Failure to file objections within the specified time waives any right to appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Dated: Brooklyn, New York  
       March 8, 2016

**SO ORDERED:**

*Peggy Kuo*  
PEGGY KUO  
United States Magistrate Judge

---

[1] Plaintiff's Motion does not ask the Court for approval to send a "reminder notice" to individuals to whom Plaintiffs will send the Notice of Lawsuit and Consent to Join.